**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ROBERT PECK, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. K20C-12-031 NEP |
| | ) | |
| v. | ) | |
| | ) | |
| ORTHOPAEDIC ASSOCIATES | ) | |
| OF SOUTHERN DELAWARE, P.A., | ) | |
| and SCOTT SCHULZE, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Submitted: August 31, 2021
Decided: September 27, 2021

*Upon Defendants' Renewed Motion to Dismiss*
**NO FURTHER ACTION TAKEN**

*Upon Review of Plaintiff's Supplemental Affidavit of Merit*
**ACCEPTED**

This matter involves a healthcare negligence suit filed by Plaintiff Robert Peck ("Plaintiff") against Defendants Scott Schulze, M.D. ("Dr. Schulze"), and Orthopaedic Associates of Southern Delaware, P.A. ("Orthopaedic Associates," and together with Dr. Schulze, "Defendants"). Before the Court is Defendants' Renewed Motion to Dismiss along with Defendants' motion to determine whether the affidavit of merit filed by Plaintiff complies with 18 Del. C. § 6853(a)(1) and (c). Both motions were deferred in part by the Court in a decision dated July 28, 2021. For the reasons explained below, no further action is required by the Court on Defendants' Renewed Motion to Dismiss due to a stipulation filed by the parties, and Plaintiff's supplemental affidavit of merit is **ACCEPTED**.

1.     In July 2018, Plaintiff suffered a work-related injury that caused mild but consistent pain to his left wrist. The next month, he sought treatment from Dr. Schulze of Orthopaedic Associates, who performed a carpal tunnel release on Plaintiff on October 3, 2018. At a follow up visit with Dr. Schulze on October 19, 2018, Plaintiff complained of constant numbness in the tips of certain fingers and jolts of pain up his arm. Dr. Schulze misdiagnosed and ignored the complained-of symptoms and blamed Plaintiff for overuse of his hand. Plaintiff returned for another follow up visit on December 28, 2018, when Dr. Schulze again ignored Plaintiff's complaints. Plaintiff then sought treatment from another physician, Dr. Pan, who described his symptoms as suspicious of cubital tunnel syndrome at the elbow.

2.     Plaintiff alleges that Dr. Schulze created a mistaken large incision in his wrist during the carpal tunnel release surgery. Plaintiff also alleges that Dr. Schulze misdiagnosed his post-surgery symptoms and provided negligent follow-up care. Plaintiff further contends that the negligence of Dr. Schulze resulted in the development of a deformed hand that is constantly in pain and will require future surgery and medical treatment.

3.     On July 28, 2021, the Court denied in part and deferred in part Defendants' Renewed Motion to Dismiss and accepted in part and deferred in part Plaintiff's Amended Affidavit of Merit. The Court grounded its decision to defer on the lack of clarity as to what time frame the alleged "misdiagnosis" covered, as set out in both the First Amended Complaint and the Affidavit, and whether the Affidavit alleged the "misdiagnosis" as a proximate cause of Plaintiff's injuries. The Court allowed the plaintiff to file a second amended complaint along with a supplemental affidavit of merit to address these issues.[1]

---

[1] *Peck v. Orthopaedic Assocs. of Southerne [sic] Delaware, P.A.*, 2021 WL 3197549, at *7 (Del.

4. As a preliminary matter, the Court has already found the First Amended Complaint to have adequately alleged a continuous course of negligent medical treatment.[2] The Court also found that the Amended Affidavit of Merit met the statutory requirements of 18 *Del. C.* § 6853(a)(1) and (c) with respect to both the expert's qualifications and Plaintiff's allegation of continuous medical negligence relating to the October 3, 2018, surgery and the post-surgery follow-up care.[3]

5. The Court has received and reviewed Plaintiff's Second Amended Complaint and performed an *in camera* review of the supplemental affidavit of merit, which Plaintiff has styled "Amended Affidavit of Merit" (hereinafter the "Supplemental Affidavit").

6. In addition, subsequent to the submission of these issues to the Court, the parties have filed a Partial Stipulation of Dismissal providing that any claims relating to medical care prior to the October 3, 2018, surgery are dismissed with prejudice. Therefore, the reason for the Court's deferral of a portion of the Renewed Motion to Dismiss—*i.e.*, to determine whether Plaintiff was pursuing any claims for conduct prior to the October 3, 2018, surgery—has been rendered moot, and the Court need take no further action regarding the Renewed Motion to Dismiss.

Super. July 28, 2021) ("Within 21 days from the date of this Opinion and Order, Plaintiff may file a second amended complaint addressing whether any pre-surgery diagnosis or misdiagnosis was part of the alleged continuum of negligent medical treatment. Within that same 21-day period, Plaintiff may also submit a supplemental affidavit of merit clarifying whether any pre-surgery "misdiagnosis" was part of the continuing course of negligent medical treatment, and addressing whether any "misdiagnosis," either pre-surgery or post-surgery, was a proximate cause of Plaintiff's injuries.").

[2] *Id.* at *2-3 ("[T]he Amended Complaint sets forth facts alleging continuous negligent medical treatment. . . . [T]he entire course of treatment beginning with surgery and continuing through post-operative care resulted in Plaintiff's injuries, and the impact of each of these aspects of treatment cannot be distinguished because they were 'interrelated as the causation of the injury.'").

[3] *Id.* at *7 ("[T]he Court finds that the Amended Affidavit satisfies the requirements of 18 *Del. C.* § 6853(a)(1) and (c) with respect to Plaintiff's allegations of continuing medical negligence relating to the October 3, 2018, surgery and the post-surgery follow-up care. The Court will permit Plaintiff to file a supplemental affidavit addressing any allegations of negligence relating to misdiagnosis . . . .").

3

7.     Upon an *in camera* review of the Supplemental Affidavit, the Court finds that the Affidavit clarifies the term "misdiagnosis" as it relates to issues of negligence and proximate cause. The Supplemental Affidavit states that any negligence committed by Defendants occurred "during and after [Plaintiff's] surgery until December 28, 2018,"[4] and thus "misdiagnosis" refers only to Dr. Schulze's alleged misdiagnosis of Plaintiff's symptoms post-surgery. Additionally, the Court finds that the Supplemental Affidavit adequately states that this misdiagnosis was a proximate cause of Plaintiff's injuries.[5]

For the foregoing reasons, no further action will be taken on Defendants' Renewed Motion to Dismiss, and Plaintiff's Supplemental Affidavit is **ACCEPTED.** Defendants shall file a responsive pleading as directed by Superior Court Civil Rule 12(a)(1).

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/dsc

---

[4] Suppl. Aff. of Merit ¶ 19.
[5] *See id.* at ¶ 21("Schulze's misdiagnosis, post-surgery was also a proximate cause of the Plaintiff's injuries.").

4